**CAPRITO et al. v. SNELSON, County Judge, et al.**

**No. 3391.**

Court of Civil Appeals of Texas. El Paso.
Feb. 27, 1936.

J. Lee Bilberry, of Barstow, for appellants.

Richard L. Toll and Hubbard & Kerr, all of Pecos, and T. H. Neel, of Barstow, for appellees.

WALTHALL, Justice.

S. Caprito and others, as plaintiffs, bring this suit against the commissioners' court of Ward county, Tex., Fred P. Snelson, county judge, and the individual members of the commissioners' court, the board of common school district trustees for common school district No. 3 of Ward county, Tex., and the individuals comprising the membership of said board, as defendants, in which suit plaintiffs, acting for themselves and other property owning taxpayers of said common school district, seek to enjoin defendants from selling, offering for sale, or attempting to sell, certain bonds of said common school district, under or by reason of a certain order authorized to be issued by the said commissioners' court passed on May 13, 1935; and to enjoin the said commissioners' court from causing to be levied and collected any taxes for the year 1935 in behalf of said bonds; and seek to have said bonds and the levy of taxes therefor declared void, and, as grounds therefor, plaintiffs allege in substance: That on the day the commissioners' court, by its order, authorized the issuance of said bonds of said common school district, and the levy of a tax for

the year 1935 in said school district in support of said bonds, one member of said court was not present and acting in making said order and levying said tax; that the western boundary line of said school district, as originally created and existed at the time of the trial, was designated only as the 103d meridian line, and that said meridian line had never been surveyed, marked, or established on the ground, so that the valuation of taxable property in said school district can be ascertained as a basis for determining the constitutional requirements and limitations as to tax levies in the common school district for bond purposes; that within the boundary of said school district are parts of other districts, such as water improvement district, drainage district, Red Bluff water power control district, with existing bonded indebtedness against the same property, stating same, of more than the assessed value of said property.

Defendants demurred generally and specially to plaintiffs' petition, and, same having been overruled, answered to the merits.

The case was submitted to the court without a jury. The evidence was heard. The court filed findings of fact and conclusions of law, and, based thereon, entered judgment for defendants.

The court's findings are substantially as follows: Plaintiffs, except Caprito, reside in Ward county, and within the boundaries of common school district No. 3. Plaintiffs each own property in the school district subject to taxation; all plaintiffs, except Caprito, who resides in Howard county, are resident taxpaying voters of such common school district No. 3; on or about April 15, 1935, the county judge of Ward county, Tex., ordered an election within such school district which was held on May 8, 1935, upon the question of issuing $65,000 of schoolhouse bonds for said district, at which election 70 votes were cast, 59 for the issuance of bonds and levy of tax therefor and 11 against the issuance of bonds and levy of the tax; on May 13, 1935, the commissioners' court, by their order, declared that such election as above had been held and that the result was as above stated; on May 13, 1935, the commissioners' court ordered the issuance of said bonds and levied a tax of 35 cents on each $100 valuation of the taxable property in said district to pay the current interest on the bonds and create a sinking fund sufficient to pay each installment of the principal of said bonds and interest as same became due; the order last above referred to levying the tax was passed by the commissioners' court in the absence of Commissioner Vest, the other three commissioners and the county judge were present and participated in the meeting; common school district No. 3 is a part of Ward county, and the district was created and its boundary fixed by order of the commissioners' court in the year 1904, and its western boundary line was designated as the 103d meridian; the 103d meridian has never actually been surveyed on the ground (in that school district), but the commissioners' court and taxing authorities of Ward county have recognized an office survey made by A. H. Dunlap as designating such line upon a map of Ward county, and that, continuously since 1931, the boundaries of said school district as made by Dunlap have been recognized; other surveys of the west boundary line of the district have been made by licensed surveyors in locating the 103d meridian which conflict with the Dunlap line; the court in the findings states the bonded indebtedness of the school district and the acreage comprising the district which we omit stating here.

The court's conclusions of law are substantially as follows: The bond issue and tax levy were not invalidated by reason of the absence of Commissioner Vest at the term of court when the bond issue and the tax levy were made; nor were the bond issue and the proceedings connected therewith invalidated by reason of the amount of bonds outstanding in the school district for drainage and other purposes; nor were the bond issue and tax levy invalidated by reason of a similar suit to this filed by C. C. Dorr; the proceedings in the matter of the bond issue and tax levy were regular and legal, and plaintiffs are not entitled to the injunctive relief prayed for, and that the law was in all things in favor of defendants.

### Opinion.

The trial court has so clearly stated the facts, which were uncontroverted, and the law arising out of said fact findings, that we need not restate them here.

█ Appellants assign error to the overruling of their motion to consolidate the Dorr suit and this suit and try the two as one suit. The subject-matter of the two suits and the defendants may be the same,

but the plaintiffs are not the same. Article 2160 of the Statutes authorizes a consolidation when the plaintiff is the same, and, in the discretion of the court, no manifest injury is shown to have resulted to appellants and no reversible error is shown.

█ Appellants submit that the absence of Commissioner Earl Vest at the term of the court at which the orders for the issuance of the bonds and the tax levy were made invalidates the bonds.

Under their second proposition, plaintiffs submit that the order of the commissioners' court directing the issuance of the bonds created a debt, and the levy of the tax to provide for the payment of interest and creating a sinking fund for said bonds was void without the full membership present.

Article 2343 of the Revised Civil Statutes reads: "Any three members of the said court [county commissioners' court], including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

Article 2354 of the Statutes provides: "No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

It will be noted that the inhibition against levying a tax under the verbiage of article 2354 has application to the levy of county tax.

There is no similar statutory provision which applies to the levy of taxes for a school district. We have not found a case which undertakes to apply the provisions of article 2354 to the levy of a tax for a school district, nor have we been referred to one. We have concluded that the provisions of article 2354, in the matter of the levy of taxes, do not apply to a school district. But, should it be held that said article does apply to a school district, we think chapter 221, on page 530, of the General Laws of the Forty-Fourth Legislature 1935 (Vernon's Ann.Civ.St. art. 2815g—7), validating all tax levies made on behalf of all school districts, has application to the facts of this case, and does not come under any of the exceptions in said chapter.

█ The western boundary line of the school district as designated and fixed by the Dunlap survey, we think, is sufficient to justify the school tax levy for the dis-

trict at that line until the western boundary is more definitely fixed and accepted by the commissioners' court.

We have concluded that no reversible error is made to appear and that the case should be affirmed, and it is so ordered.

Affirmed.